UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

JILLYN K. SCHULZE
UNITED STATES MAGISTRATE JUDGE

6500 CHERRYWOOD LANE
SUITE 335A
GREENBELT, MARYLAND 20770
(301) 344-0630
Fax: (301) 344-0629

FILED ___ ENTERED
___ LODGED ___ RECEIVED

AUG 1 4 2002

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

August 14, 2002

John C. Williams, Jr., Esquire
WILLIAMS & WILLIAMS PC
888 - 17th St NW Suite 504
Washington DC 20006

James P. O'Meara, Esquire
ROLLINS SMALKIN RICHARDS
 & MACKIE LLC
401 N Charles Street
Baltimore MD 21201

Alan B. Neurick, Esquire
Jeffrey R. Schmieler, Esquire
SAUNDERS & SCHMIELER PC
8737 Colesville Rd Suite L200
Silver Spring MD 20910

Janet Truhe, Esquire
196 E Main Street
Westminster MD 21157

Re: *Marlow B. Kerr, et al. v. Deborah Lee Callaway, et al.*
Civil No. WMN 02-1253

Dear Counsel:

Please be advised that a settlement conference in the above-captioned case has been scheduled for **October 23, 2002, at 10:30 a.m.** to be held in my chambers (Room 335A). It is essential that the parties, or in the case of a corporation or partnership, an officer or other representative with complete authority to enter into a binding settlement, be present in person. Attendance by the attorney for a party is not sufficient. *See* Local Rule 607.3. Please also be advised that the conference may take the entire day.

No later than October 16, 2002, I would like to receive from each party a short letter candidly setting forth the following:

1. Facts you believe you can prove at trial;

2. The major weaknesses in each side's case, both factual and legal;

3. An evaluation of the maximum and minimum damage awards you believe likely;

4. The history of any settlement negotiations to date; and

5. Estimate of attorney's fees and costs of litigation through trial.

The letters may be submitted ex parte and will be solely for my use in preparing for the settlement conference. I also will review the pleadings in the court file. Additionally, if you

Counsel
*Marlow B. Kerr, et al. v. Deborah Lee Callaway, et al.*
Civil No. WMN 02-1253
August 14, 2002
Page Two


want me to review any case authorities that you believe are critical to your evaluation of the case, please identify. If you want me to review any exhibits or deposition excerpts, please attach a copy to your letter.[1]

The settlement conference process will be confidential and disclosure of confidential dispute resolution communications is prohibited. *See* 28 U.S.C. § 652(d); Local Rule 607.4.

Notwithstanding the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

Very truly yours,

Jillyn K. Schulze
United States Magistrate Judge

cc:   Judge William M. Nickerson
      Magistrate Judge Charles B. Day

---

[1] Please note that the American Bar Association Standing Committee on Ethics and Professional Responsibility has issued a Formal Opinion (No. 93-370) that precludes a lawyer, ABSENT INFORMED CLIENT CONSENT, from revealing to a judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding settlement. The opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters. Therefore, please discuss these items with your client before appearing for the settlement conference.