# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

**CHAMBERS OF**
**CHARLES B. DAY**
**UNITED STATES MAGISTRATE JUDGE**

**U.S. COURTHOUSE**
**6500 CHERRYWOOD LANE**
**GREENBELT, MARYLAND 20770**
**(301) 344-0393**
**FAX (301) 344-0394**

September 3, 2002

_____FILED  _____ENTERED
_____LOGGED _____RECEIVED

SEP 3 - 2002

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____DEPUTY

John C. Williams, Esquire
Williams and Williams, P.C.
888 17th Street, NW - Suite 504
Washington, DC 20006

James P. O'Meara, Esquire
Rollins, Smalkin, Richards and Mackie, L.L.C.
401 North Charles Street
Baltimore, Maryland 21201

Alan B. Neurick, Esquire
Saunders & Schmieler, P.C.
8737 Colesville Road
Suite L-200
Silver Spring, Maryland 20910

Re:   Marlow B. Kerr, et al. v. Deborah Lee Callaway, et al.
      Civil Action No. WMN-02-1253

Dear Counsel:

   Pursuant to the referral of this case to me for all purposes, a telephone conference hearing was held on August 28, 2002 regarding Plaintiff's Motion for Leave to File a Second Amended Complaint ("Plaintiff's Motion to Amend") (Docket Item No.19) and Plaintiff's Motion to Shorten Time for Defendants' Response to Plaintiff's Motion for Leave to File a Second Amended Complaint (Docket Item No.20). For the reasons stated during the hearing, both Motions are denied.

   Plaintiff's Motion to Shorten Time is denied as moot given the early submission of Defendants' opposition thereto. As to Plaintiff's Motion to Amend, it is denied without prejudice. The Court has determined under Fed. R. Civ. P. 17(b) that the existence, *vel non,* of the corporate defendants must be determined under Delaware law. Defense counsel has represented that while the corporations are "not in good standing" they are not defunct. Moreover, under the Delaware Code Annotated, Title 8 §278, said corporations have a continued existence for three years after their expiration or dissolution for the purposes of filing or defending lawsuits. For these and other reasons set forth during the hearing, the Court believes



*Kerr, et al. v. Callaway, et al.*
September 3, 2002
Page 2

that allowing the proposed amendment would be futile. Accordingly, Plaintiff's Motion to Amend is denied.

      Despite the informal nature of this letter, it is nonetheless an Order of the Court, and the Clerk is directed to docket it as such.

                                Very truly yours,

                                Charles B. Day
                                United States Magistrate Judge

CBD/bab

cc: Court File